## STATE *vs.* THOMAS McGUIRE.

The surety in a recognizance in a criminal case cannot, after the recognizance has been defaulted, discharge himself by surrendering his principal.

EXCEPTIONS to the Court of Common Pleas.

The action was *scire facias* on a defaulted recognizance.   The defendant pleaded " that after the default in said writ of *scire facias* alleged and before final judgment against this defendant as bail, . . . he, the said defendant, did commit his aforesaid principal to the state jail, . . . and did leave with the keeper of said jail a certified copy of said recognizance and of said writ of *scire facias*," . . . hence *executio non*.   To this plea the State demurred, and the defendant excepted to the ruling of the Court of Common Pleas sustaining the demurrer.

*May* 25, 1889.   PER CURIAM.   The exceptions are overruled. The surety in a recognizance in a criminal cause cannot discharge himself after the recognizance has been defaulted by surrendering the principal.   Pub. Stat. R. I. cap. 248, § 27,[1] exempts the

---

[1] As follows :

" SECT. 27.   Such surety may at any time surrender his principal to the court or magistrate who took such recognizance, or may commit him to the jail in the same county, leaving with the jailer a certified copy of such recognizance ; and upon such surrender or commitment, shall be discharged and exempt from all liability for any act of the principal subsequent thereto, which would have been a breach of the condition of the recognizance."

surety from liability upon such surrender only for any act of the principal subsequent to it which would be a breach of the recognizance.   Pub. Stat. R. I. cap. 224 applies only to bail in civil cases.

The judgment of the Court of Common Pleas is affirmed with costs.

*Horatio Rogers*, Attorney General, for plaintiff.
*Albert R. Greene*, for defendant.